**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JOSEPH A. BARKER, REGIONAL DIRECTOR )<br>of REGION 13 OF THE NATIONAL LABOR )<br>RELATIONS BOARD, for and on behalf of THE )<br>NATIONAL LABOR RELATIONS BOARD, )<br>    Applicant, )<br>)<br>    and )<br>)<br>ENGINEERED STEEL CONCEPTS, INC./ESC )<br>GROUP LIMITED, and TOM ANDERSON )<br>    Respondents. ) | CAUSE NO.: 2:09-MC-72-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Protective Order [DE 17], filed by Defendant Thomas Anderson on October 20, 2010. The Motion has been fully briefed. In the instant Motion, Defendant Anderson requests that the Court enter a Protective Order to prevent the disclosure or use of his personal financial records for any purpose other than the current National Labor Relations Board ("NLRB") proceedings.

**PROCEDURAL BACKGROUND**

On September 11, 2009, the Regional Director of Region 13 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, filed an Application for Order to Show Cause and Order to Require Obedience to Subpoenas Duces Tecum and Ad Testificandum. In the Application, the Regional Director represents that Defendants were previously found by the National Labor Relations Board to have violated various sections of the National Labor Relations Act, 29 U.S.C. § 158. As a result, Defendants were ordered by the NLRB, which Order was later enforced by the Seventh Circuit Court of Appeals, to provide certain remedies, including

reinstatement of certain employees. Having reasonable cause to believe that Defendants may prejudice the NLRB's ability to obtain compliance with its Order, to conduct an investigation regarding Defendant's claims of insolvency and alleged unavailability of assets to satisfy the NLRB's claim, the NLRB issued two subpoenas duces tecum, pursuant to 29 U.S.C. § 161(1), to the Defendants (subpoena B-565573 and B-565574) seeking records of the corporation and of Defendant Anderson. The subpoenas required Defendant Anderson to appear at the NLRB's Chicago office and to produce the requested documents. On August 14, 2009, the NLRB issued a subpoena duces tecum (B-565570) to the Defendants and a subpoena ad testificandum (A-815340) to Defendant Anderson. The new subpoenas seek certain corporate records and individual records of Defendant Anderson. The subpoenas required Defendant Anderson to appear at the NLRB's Chicago office on August 26, 2009 to testify and produce requested documents. Defendants did not file a petition to quash the subpoenas, and failed to appear or provide responsive documents on May 11, 2009, and August 26, 2009, as required by the subpoenas. Accordingly, the Regional Director requests that the Court issue an Order to Show Cause, pursuant to 29 U.S.C. § 161(2), directing Defendants to appear before this Court to show cause why the Court should not issue an order directing Defendants to obey the subpoenas and appear at the NLRB's Chicago office at a time designated by the Regional Director to provide the requested testimony and documents.

On October 6, 2009, the Court issued an Amended Show Cause Order granting the Application and ordering Defendants, including Defendant Tom Anderson, to appear in person for a Show Cause Hearing on October 28, 2009, at 10:00 a.m., to show cause as to why this Court should not issue an order directing Defendants to appear before Joseph A. Barker, the Regional Director of Region 13 of the NLRB at a time and location that Mr. Barker designates, to produce the witness testimony and material and documents requested in the NLRB's subpoenas in connection

with the investigation now pending before the NLRB, pursuant to Section 11 of the National Labor Relations Act, as amended, 29 U.S.C. § 161.

On October 28, 2009, Defendant Anderson appeared in Court to explain why he did not comply with the previous subpoenas. The Court found that Defendant Anderson was not in contempt of Court and had shown good cause, and ordered him to produce the subpoenaed documents by November 6, 2009, as well as to submit to and answer questions from the NLRB Compliance officer.

The NLRB issued a subpoena duces tecum to First Financial Bank on September 17, 2010, requesting all records in the name of Defendant Tom Anderson. On September 20, 2010, Defendant Anderson field a motion requesting that the Court quash the subpoena because he was not a named party in the underlying Board compliance proceeding and he was concerned that private and sensitive financial information could be disclosed to the public, causing him harm.

On October 13, 2010, the Court ordered First Financial Bank to comply with the subpoena duces tecum issued by the NLRB and suggested that Defendant Tom Anderson file a Motion for a Proposed Protective Order to address any valid concerns regarding the protection of his private financial information. The instant Motion, with attached Proposed Protective Order, was filed October 20, 2010. The NLRB filed a Motion in Opposition on November 3, 2010, and Defendant filed a Reply to Opposition on November 10, 2010.

## ANALYSIS

As a threshold issue, Plaintiff NLRB first argues that the Court should defer to the NLRB to adjudicate the issue of a protective order.

"The court's consideration of a protective order is guided by the same concerns that underpin the judicial review of an agency investigative subpoena generally," which is to say, its role is

"sharply limited." *USDE v. NCAA,* No. 1:06cv1333, 2006 U.S. Dist. LEXIS 64454, *26 (S.D. Ind. Sept. 8, 2006); *EEOC v. Aon Consulting, Inc.*, 149 F. Supp. 2d 601 (S.D. Ind. 2001) (quoting *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987)). The Court must operate under the presumption that "administrative agencies ... will act properly and according to law." *FTC v. Schreiber*, 381 U.S. 279, 296 (1965). There are federal laws and agency rules that protect the privacy of documents produced to the NLRB, and, as Plaintiff NLRB emphasizes, the agency has the authority and discretion to issue protective orders as well.

Protective orders have been issued by courts to limit the use of information obtained by an agency subpoena. However, in those rare situations, the requesting party has made a showing that significant harm is likely to result if the protective order was not granted. *See, e.g., Streit v. Elec. Mobility Controls, LLC*, No. 109-cv-865, 2010 WL 1945745 (S.D. Ind. May 12, 2010) (allowing limitations on production of a particular document to prevent public dissemination of particularly sensitive confidential commercial information contained within that document); *EEOC v. Aon Consulting, Inc.*, 149 F. Supp. 2d 601 (S.D. Ind. 2001) (ordering a limited protective order where it was important that the "exceptionally sensitive information[ of] employment-related tests, be kept confidential from the charging party" and the subpoenaing agency "ha[d] not shown that existing statutory and regulatory procedures and protections offer sufficient protection"); *EEOC v. C&P Telephone Co.*, 813 F. Supp. 874 (D.D.C. 1993) (permitting a limited confidentiality agreement to protect employment tests upon "find[ing] that respondents have an extremely strong interest in protecting the subpoenaed information," and "the [agency]'s internal procedures are insufficient" to protect it from improper dissemination).

In this case, Defendant Anderson has not made a showing that the information he seeks to have protected is "exceptionally sensitive" nor has he demonstrated that statutory protections and

agency procedures offer insufficient protection. Further, the protective order he proposes places limits on the NLRB in excess of those needed to keep competitors from gaining access to his information: it also prohibits the NLRB from carrying out its responsibility to share information with other government agencies.

Defendant Anderson has failed to establish that his circumstances are so unique that the privacy protections in place are insufficient to protect his interests. In addition, even if the Court were to assume that the agency procedures and federal regulations do not protect the defendant, he also has not met the burden of showing good cause exists for ordering a protective order under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 26(c)(1) provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery . . . .
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Fed. R. Civ. P. 26(c)(1) (emphasis added). A district court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). Rule 26(c)(1) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Id*. at 554. "In order to establish that information should be subject to a protective order, the party seeking protection bears the burden of establishing: (1) that the information is in fact a trade secret or confidential commercial

information and (2) that there is good cause to protect the information." *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300 (N.D. Ill. 1993).

Defendant Anderson argues that the information the NLRB would receive as a result of its subpoena could be disclosed to the public or to third parties. In particular, he is concerned with the security of his bank account information and the ability of his competitors to gain information about his pricing and profits. It is not obvious to the Court what information bank records give about Defendant Anderson's business pricing information, and he has not offered any compelling argument that records kept by the bank about his accounts somehow include protected trade secrets. Defendant Anderson has made conclusory statements that production of the documents without a protective order "may result in substantial damage to and loss to Movant," but has not given any specific examples of harm that may befall him. Mere allegations of potential harm are insufficient to meet his burden of showing that good cause exists to issue a protective order. *Culinary Foods*, 151 F.R.D. at 300 n.1; *see also Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1078 (S.D. Ill. 2006); *Tuszkiewicz v. Allen Bradley Co.*, 170 F.R.D. 15, 16 (E.D. Wis. 1996); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2035 (3d ed. 1998 & Supp. 2006) (collecting cases). It is the movant's burden to show good cause for a protective order and the Court finds that Defendant Anderson has failed to meet that burden.

## CONCLUSION

Accordingly, the Court hereby **DENIES** the Motion for Protective Order [DE 17].

SO ORDERED this 22nd day of November, 2010.

                                                    s/ Paul R. Cherry
                                                  MAGISTRATE JUDGE PAUL R. CHERRY
                                                  UNITED STATES DISTRICT COURT

cc:     All counsel of record